**David H. Krieger**
Nevada Bar No. 9086
Haines & Krieger, LLC
8985 S. Eastern Avenue
Suite 350
Henderson, NV 89123
(702) 880-5554
Fax: (702) 383-5518
Email: dkrieger@hainesandkrieger.com

**Manuel S. Hiraldo**
Hiraldo P.A.
*Pro Hac Vice Forthcoming*
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**Scott A. Edelsberg**
Kopelowitz Ostrow
*Pro Hac Vice Forthcoming*
edelsberg@kolawyers.com
1 W. Las Olas Blvd.
Suite 500
Fort Lauderdale, Florida 33301
(t) 954-449-4602

**Andrew J. Shamis**
Shamis & Gentile, P.A.
*Pro Hac Vice Forthcoming*
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida  33132
(t) (305) 479-2299

*Attorneys for Plaintiff and Putative Class Members*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICK GALLAGHER, individually and on behalf of all others similarly situated, | **CASE NO.:** |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| OASIS POWER, LLC d/b/a OASIS ENERGY, a Texas limited liability company, | |
| Defendant. | |
| _____/ | |

**<u>CLASS ACTION COMPLAINT</u>**

Plaintiff Patrick Gallagher brings this class action against Defendant Oasis Power, LLC d/b/a Oasis Energy and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.        This putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), stems from Defendant's practice of harassing consumers nationwide with prerecorded telemarketing calls.

2.        Defendant is a supplier of electricity and natural gas, offering its services to consumers in deregulated energy markets.  Defendant primarily operates in the following deregulated markets: Illinois, Maryland, Massachusetts, New Jersey, New York, and Pennsylvania.

3.        Notwithstanding its limited geographic market, Defendant engages in mass telemarketing to consumers throughout the United States, regardless of whether these consumers reside within Defendant's service area.

4.        Such was the case here, where Defendant contacted Plaintiff, a Nevada resident, with prerecorded telemarketing message that sought to convince Plaintiff to switch his energy supply services to Defendant.

5.        Defendant is or should be aware of the restrictions imposed by the TCPA.

6.        Nevertheless, Defendant engages in illegal telemarketing, targeting unsuspecting consumers, without their prior express consent and little regard for their privacy.

7.        Through this putative class action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals nationwide.  Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

Subject-Matter Jurisdiction

2

8.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant.  Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

Personal Jurisdiction

9.      Defendant committed a tortious act within the state of Nevada by placing prerecorded calls into Nevada in violation of the TCPA.

10.     Further, the exercise of personal jurisdiction over Defendant does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

11.     First, Plaintiff's claim arises directly from a prerecorded telemarketing call that Defendant made to this forum.  Accordingly, there is a direct causal relationship between Defendant, the forum, and this litigation.

12.     Second, Defendant's TCPA violations (1) were intentional – Defendant intentionally placed prerecorded calls to the cellular telephones of Plaintiff and members of the class; (2) were aimed at Nevada – Defendant knew or should have known, or was willfully ignorant, that its practice of indiscriminately robocalling cellular telephones would result in contacts to individuals, including Plaintiff and members of the class, who reside in Nevada; and (3) caused harm that Defendant should have anticipated would be suffered in Nevada – Defendant unlawfully contacted the cellular telephones of individuals residing all over the country, and, because of the mobility of cellular telephones, should have anticipated that some of those individuals reside in Nevada.

13.     Third, the exercise of personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice, and would not be unreasonable. Specifically, (1) modern methods of transportation and communication significantly reduce any burden to Defendant; (2) the state of Nevada has an interest in adjudicating a dispute regarding an intentional tort involving one of its own residents – and, on information and belief, Defendant has made the same calls complained of by Plaintiff to other residents of this state; (3) Plaintiff has a greater interest in obtaining convenient and effective relief; and (4) the judicial system's interest in obtaining the most efficient resolution of this controversy weighs in favor of exercising jurisdiction.

Venue

14.     Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Further, pursuant to 28 U.S.C. § 1391(c)(2), Defendant is deemed to reside in this judicial district because this Court has personal jurisdiction over Defendant.

**PARTIES**

15.     Plaintiff is a natural person who, at all times relevant to this action, was a resident of Las Vegas, Clark County, Nevada.

16.     Defendant is a Texas limited liability company whose principal office is located at 12140 Wickchester Lane, Suite 100, Houston, TX 77079.

**THE TCPA**

17.     The TCPA regulates and restricts the use of automatic telephone equipment.

18.     The TCPA protects consumers from unwanted calls that are made with autodialers and/or prerecorded messages.

19.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or prerecorded message; (3) without the recipient's prior

express consent.  47 U.S.C. § 227(b)(1)(A).

20.     In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

21.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

22.     In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers.  *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012)(emphasis supplied).

23.     To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

24.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the

initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).   In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

25.        "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'"  *Id.* (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

26.        "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services."  *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12);  *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

27.        The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003).  This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*.  *Id*.

28.        In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

29.        If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent.  *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring

express consent "for non-telemarketing and non-advertising calls").

30.  "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'"  *Van Patten v. Vertical Fitness Grp., LLC*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. Jan. 30, 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), as revised (May 24, 2016)) (emphasis in original).

### DEFENDANT'S BUSINESS MODEL

31.  Defendant is "one of the top suppliers of residential electricity and natural gas services in New York, New Jersey, Pennsylvania, Maryland, Massachusetts, and Illinois."[1]

32.  Deregulated energy markets work by "unbundling" the supply and delivery of energy to consumers.  Instead of a local utility acting in the single role of supplying and delivering energy to consumers, companies like Defendant are permitted to compete to supply energy services to consumers, while the delivery of energy remains with the local utilities.

33.  In other words, Defendant acts as a "middleman" between consumers and utility companies, promising consumers better rates for their energy supply needs.

34.  Energy deregulation was meant to foster competition and benefit consumers.

35.  Instead, companies like Defendant, seeking to maximize their own profits, rely on aggressive marketing techniques to sign-up new customers.

36.  Defendant's aggressive marketing techniques include the telemarketing calls at issue in this case.

37.  Defendant engages in indiscriminate telemarketing designed to convince consumers to sign up with Defendant as the supplier of their energy services.

---

[1] https://oasisenergy.com/residential/; (last accessed on January 23, 2018).

38.     Defendant's telemarketing practices include contacting individuals throughout the country, regardless of where these individuals reside.

39.     Defendant does nothing to verify recipients' location or residency before sending its telemarketing calls, resulting in illegal telemarketing calls being placed to individuals throughout the country, including Nevada.

40.     In short, Defendant's telemarketing practices result in no geographical boundaries on its prerecorded calls.

41.     Defendant knew or should have known that cellular telephones travel with their owners.

42.     In structuring its telemarketing practices, Defendant knew or should have known that indiscriminately making prerecorded calls to cell phones could cause the company to have to defend a TCPA claim in any forum where a consumer received automated calls from Defendant.

## FACTS SPECIFIC TO PLAINTIFF

43.     On January 5, 2018, Defendant transmitted a call to Plaintiff's cellular telephone number ending in 3092 (the "3092 Number") and left the following prerecorded message on Plaintiff's phone:

> ….your energy supply charges on your electric account.  Please call me back at 609-201-1785 and have a copy of your electric statement handy to review.  Your reference number is NJ7741002.

44.     The above referenced call originated from telephone number 609-201-1785, which is owned and/or operated by Defendant, and answered by a representative who announces Defendant's name upon answering.

45.     The above call was transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

46.     Plaintiff received the subject call within this judicial district and, therefore,

Defendant's violation of the TCPA occurred within this district.

47.     Upon information and belief, Defendant caused other prerecorded calls to be made to individuals residing within this judicial district.

48.     Upon information and belief, Defendant has received one or more complaints from recipients of its prerecorded calls who do not reside within Defendant's service area, placing Defendant on notice that its telemarketing activities are impacting residents of states outside of Defendant's service area.

49.     At the time Defendant caused the subject prerecorded call to be made to Plaintiff's cellular telephone, Defendant knew or should have known, or was willfully ignorant, that Plaintiff was a resident of Nevada.

50.     At the time Defendant caused prerecorded calls to be made to the cellular telephones of other individuals residing in Nevada, Defendant knew or should have known, or was willfully ignorant, that these individuals were residents of Nevada.

51.     Plaintiff has never had any type of relationship with Defendant.

52.     Plaintiff never provided his telephone number to Defendant.

53.     At no point in time did Plaintiff provide Defendant with his express written consent or express consent to be contacted using a prerecorded message.

54.     Plaintiff is the subscriber and sole user of the 3092 Number, and is financially responsible for phone service to the 3092 Number.

55.     Other recipients of Defendant's telemarketing calls, aggravated by the nuisance, disruption, and invasion of privacy caused by Defendant's calls, have voiced their complaints in various on-line forums:

-   Message left by a scam for electric program "...friends to the retail energy choice program and your energy supply charges on your electric account please call me back at 609-201-1785 and have a copy of your electric statement handy to review your reference is

NJ 774-1002...”  Umm, no and F you. [2]

- Sent me voice message asking for Electricity bill.

- Obviously a completely illegal scam. [3]

56.     The fact that other individuals have received the same message as Plaintiff demonstrates that Defendant used prerecorded messages to harass thousands of individuals.

57.     Through its telemarketing calls, Defendant violated Plaintiff's substantive rights under the TCPA.

58.     Defendant's TCPA violation caused Plaintiff a particularized and concrete injury, including:

        a.   Invasion of privacy;

        b.   Inconvenience;

        c.   Unwanted occupation of his time and mental energy;

        d.   Unwanted occupation of his cellular telephone;

        e.   Nuisance;

        f.   Trespass; and

        g.   Aggravation and annoyance.

## CLASS ALLEGATIONS

### PROPOSED CLASS

59.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

---

[2] https://800notes.com/Phone.aspx/1-609-201-1785; (last accessed on January 23, 2018).

[3] https://findwhocallsyou.com/6092011785?CallerInfo; (last accessed on January 23, 2018).

60.       Plaintiff brings this case on behalf of a Class defined as follows:

**All persons within the United States who, within the four years prior to the filing of this Complaint, received a telephone call through the use of an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, promoting Defendant's services, to said person's cellular telephone number, who had not expressly consented in writing to receiving such calls.**

61.       Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

62.       Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

63.       The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

64.       There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones;

(2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

(3) Whether Defendant's conduct was knowing and willful;

(4) Whether Defendant is liable for damages, and the amount of such damages; and

(5) Whether Defendant should be enjoined from such conduct in the future.

65.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely violates the TCPA, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

66.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

67.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

68.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

12

69.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

70.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

71.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

72.     Defendant – or third parties directed by Defendant – made prerecorded or artificial voice calls to the cellular telephones of Plaintiff and Class Members.

73.     These calls were made without regard to whether Defendant had first obtained express written consent to make such calls. In fact, Defendants did not have prior express written consent to call the cell phones of Plaintiff and Class Members when the subject calls were made.

74.     Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make marketing telephone calls to the cell phones of Plaintiff and Class Members without their prior express written consent.

75.     As a result of Defendant's conduct, and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction

against future calls.

**WHEREFORE**, Plaintiff, Patrick Gallagher, on behalf of himself and the other members of the Class, pray for the following relief:

   a.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

   b.  An injunction prohibiting Defendant from using a prerecorded or artificial voice to call numbers assigned to cellular telephones without the prior express permission of the called party;

   c.  An award of actual and statutory damages; and

   d.  Such further and other relief the Court deems reasonable and just.

### <u>JURY DEMAND</u>

Plaintiff and Class Members hereby demand a trial by jury.

1

2   Date: January 24, 2018

3
4   Respectfully submitted,
5

| **HAINES & KRIEGER, LLC** | **HIRALDO P.A.** |
|---|---|
| */s/ David H. Krieger*<br>**David H. Krieger**<br>Nevada Bar No. 9086<br>8985 S. Eastern Avenue<br>Suite 350<br>Henderson, NV 89123<br>(702) 880-5554<br>Fax: (702) 383-5518<br>Email: dkrieger@hainesandkrieger.com<br><br>*Counsel for Plaintiff* | Manuel S. Hiraldo<br>*Pro Hac Vice Forthcoming*<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br>Email: mhiraldo@hiraldolaw.com<br>Telephone: 954.400.4713<br><br>*Counsel for Plaintiff* |
| **KOPELOWITZ OSTROW**<br>**FERGUSON WEISELBERG GILBERT**<br>Jeffrey M. Ostrow, Esq.<br>*Pro Hac Vice Forthcoming*<br>ostrow@kolawyers.com<br>Scott A. Edelsberg, Esq.<br>*Pro Hac Vice Forthcoming*<br>edelsberg@kolawyers.com<br>1 W. Las Olas Blvd.<br>Suite 500<br>Fort Lauderdale, Florida 33301<br>(t) 954-449-4602<br><br>*Counsel for Plaintiff* | **SHAMIS & GENTILE, P.A.**<br>Andrew J. Shamis<br>*Pro Hac Vice Forthcoming*<br>ashamis@shamisgentile.com<br>14 NE 1st Avenue, Suite 400<br>Miami, Florida  33132<br>(t) (305) 479-2299<br>(f) (786) 623-0915<br><br>*Counsel for Plaintiff* |

6